IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| SCOTT T. BEHLING, | § | |
| TDCJ-CID No. 664060, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-144-Z |
| | § | |
| JAMES CHAMBERS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DISMISSING COMPLAINT**

*Pro se* Plaintiff Scott T. Behling ("Plaintiff") is a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Institutional Division. On August 10, 2020, Plaintff filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant James Chambers ("Defendant"). For the following reasons, Plaintiff's complaint (ECF No. 3) is DISMISSED.

**I. JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A and 1915(e)(2). The same standards support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## II. PLAINTIFF'S CLAIMS

Plaintiff brings this suit against Defendant — who is Postmaster of the United States Post Office — for (1) the improper handling of his legal mail by TDCJ prison staff and (2) the failure of Defendant to enforce postal regulations to prevent this improper handling. Insofar as Plaintiff has previously brought an access-to-the-courts claim against the TDCJ staff for the handling of his legal mail, such claims were dismissed in Plaintiff's companion case in this court, *Behling v. Foley*, 2:16-CV-210-Z-BR (N.D. Tex.). Here, Plaintiff brings suit against Defendant alone. Consequently, although Plaintiff has filed his claim pursuant to 42 U.S.C. § 1983, his claim is best interpreted as a *Bivens* action against a federal employee for denial of access-to-the-courts. To the extent that Plaintiff alleges that Defendant failed to perform any duty to "enforce regulations" against the alleged behavior of TDCJ officials, such claims must be brought under the Federal Tort Claims Act.

## III. ANALYSIS

"*Bivens* established that the victims of a constitutional violation by a federal agent have the right to recover damages against the official despite the absence of a statute conferring such a right." *Cardenas v. Young*, 655 F. App'x 183, 185 (5th Cir. 2016) (citing *Carlson v. Green*, 446 U.S. 14, 18 (1980)); *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, "[i]n order to have standing to claim [a] policy [allegedly "unconstitutionally interferes with a plaintiff's right to send legal mail"] constitutes a denial of his

---

[2] *See also Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

right of access to the courts, the plaintiff must demonstrate an actual injury stemming from the alleged unconstitutional policy." *Dunham v. Wainwright*, No. A-15-CA-1018-RP, 2017 WL 571515, at *3 (W.D. Tex. Feb. 13, 2017), *aff'd*, 713 Fed. Appx 334 (5th Cir. 2018) (citing *Lewis v. Casey*, 518 U.S. 343, 351–54 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999)). "Actual injury is actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Dunham*, 2017 WL 571515, at *3 (internal quotation marks omitted) (citing *Lewis*, 518 U.S. at 348). "If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid." *Dunham*, 2017 WL 571515, at *3 (citing *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992)). Here, Plaintiff has made no allegations of any such actual injury. As such, any *Bivens* claim he has made must be DISMISSED for failure to state a claim.

Further, Plaintiff argues that (1) Defendant has a duty as a postmaster to enforce postal regulations and (2) he negligently failed in this duty, thereby enabling TDCJ officials to continue violating them. The exclusive remedy for bringing such a tort claim against a federal government employee is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. *See Ellis v. U.S. Attorney Gen.*, No. 3-02-CV-1130-P, 2002 WL 31156684, at *2 (N.D. Tex. Sept. 24, 2002) ("The exclusive remedy for bringing such a claim against the federal government is the Federal Tort Claims Act . . . ." (citing *Forrest City Machine Works, Inc. v. United States*, 953 F.2d 1086, 1087 (6th Cir. 1992)). Exhaustion is a jurisdictional prerequisite for FTCA claims that cannot be waived. *See Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019) ("The district court rejected [the plaintiff's] argument by holding exhaustion to be a jurisdictional prerequisite for FTCA claims that cannot be waived. We affirm this portion of the district court's judgment." (internal marks

3

omitted)); *see also McNeil v. United States*, 508 U.S. 106, 109–13 (1993) (affirming a dismissal for lack of jurisdiction where the FTCA complainant had not satisfied administrative exhaustion requirements before filing the complaint).

Here, Plaintiff has failed to allege exhaustion under the FTCA with respect to this tort. Consequently, this Court lacks jurisdiction over Plaintiff's tort claim against Defendant for failing to enforce regulations — and therefore must dismiss the claim.

### IV. CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(a), it is ORDERED that Plaintiff's complaint (ECF No. 3) filed pursuant to 42 U.S.C. § 1983 is DISMISSED without prejudice for failure to state a claim.

**SO ORDERED.**

July 29, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE